\*NOT FOR PUBLICATION\*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL LABOY, | : |
| Plaintiff, | : Civ. No. 18-8203 (FLW) (TJB) |
| v. | : |
| SCO. W. GALLAGHER et al., | : OPINION |
| Defendants. | : |

**FREDA L. WOLFSON, U.S.D.J.:**

## I. INTRODUCTION

Plaintiff, Rafael Laboy ("Laboy" or "Plaintiff"), is a state prisoner, presently incarcerated at New Jersey State Prison ("NJSP"), in Trenton, New Jersey, who is proceeding *pro se* with a complaint asserting civil rights claims under 42 U.S.C. § 1983 and tort claims under New Jersey state law. (Compl., ECF No. 1-1.) Presently before the Court is a motion by defendants, William Gallagher ("Gallagher") and Kimberly Collins[1] ("Collins") (collectively, "Defendants"), for dismissal of the Complaint under Federal Rules of Civil Procedure 12(b)(1) and (6). (ECF No. 12.) For the following reasons, the motion is GRANTED IN PART and DENIED IN PART, and the action is remanded to the Superior Court of New Jersey, Law Division, Mercer County.

## II. BACKGROUND AND ALLEGATIONS

Laboy filed his Complaint with the Superior Court of New Jersey, Law Division, Mercer County, on November 29, 2017. (ECF No. 1-1.) He alleges that, on July 21, 2016, Gallagher, an

---

[1] Collins was inaccurately listed in the Complaint's caption as "Karen Collins." (*See* ECF No. 1-1.)

NJSP corrections officer, "filed a fraudulent disciplinary report citing [Laboy] with a violation of New Jersey Department of Corrections rule *.005 Threatening Another with Bodily Harm or with any offense against his or her person or his or her property." (*Id.* ¶ 5.) Laboy further alleges that, on July 28, 2016, Collins, also an NJSP corrections officer, "filed a false and fraudulent 'Special Custody Report' in furtherance of the conspiracy to subject [Laboy] to harm and injury by lying on him." (*Id.* ¶ 6.) A hearing officer apparently found Laboy not guilty of the disciplinary charge on July 29, 2016. (*Id.* ¶ 11.)

Meanwhile, Laboy alleges that, on July 22, 2016, Collins and an "inmate runner," packed Laboy's cell and, in the process, "looted" it, taking "hundreds of dollars of [Laboy's] property" for their own personal use. (*Id.* ¶¶ 12–14.) He further alleges that Defendants "conspired to steal" a food package worth nearly $250 that was delivered to the prison on July 27, 2016, and that Defendants "convert[ed] the contents to their own personal use." (*Id.* ¶¶ 16–19.) Laboy contends that Defendants filed the false reports against Laboy for the purpose of having him removed from his cell so that they could take his food package. (*Id.* ¶ 20.) Laboy generally alleges that Defendants have engaged in a pattern of filing false disciplinary reports and he argues that their conduct violates applicable codes of conduct. (*See id.* ¶¶ 21–25.)

Laboy concludes by alleging that Defendants' conduct "constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution" and that it "constituted the tort of false imprisonment and theft under the law of the State of New Jersey." (*Id.* at pp. 4–5.) Laboy seeks declaratory judgment that his constitutional rights were violated and $20,000 in compensatory damages, as well as unspecified punitive damages and costs. (*Id.*)

On April 23, 2018, Defendants removed the action to this Court under 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1.) Following the removal, Laboy filed a motion seeking a

temporary restraining order or preliminary injunction that would compel Defendants to return Laboy to his former housing unit and reinstate him to his job as a Social Worker Assistant. (Mot. for TRO & Prelim. Injunction, ECF No. 5.) Defendants opposed this motion, and Laboy has filed a reply brief. (ECF Nos. 13 & 22.) Defendants also filed a motion to dismiss the Complaint for lack of subject-matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, under Rule 12(b)(6). (Mot. to Dismiss, ECF No. 12.) Laboy has filed a brief in opposition. (Mem. of Law in Opp'n, ECF No. 26.)[2]

### III. LEGAL STANDARDS AND ANALYSIS

**A. Motion for Temporary Restraining Order or Preliminary Injunction**

To justify the extraordinary relief of a preliminary injunction, a plaintiff must demonstrate (1) a likelihood of success on the merits, (2) that denial would cause irreparable harm to the plaintiff, (3) that granting the injunction would not cause irreparable harm to the defendant, and (4) that the injunction would be in the public interest. *See Maldonado v. Houston,* 157 F.3d 179, 184 (3d Cir. 1998). The same standard applies to temporary restraining orders. *See Ballas v. Tedesco,* 41 F. Supp. 2d 531, 537 (D.N.J. 1999). A plaintiff must show that all four factors weigh in favor of an injunction or temporary restraining order. *See Opticians Ass'n of Am. v. Indep. Opticians of Am.,* 920 F.2d 187, 192 (3d Cir. 1990). Such preliminary relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (internal quotation marks omitted).

---

[2] For the sake of clarity, substantive explanations of the motion arguments are included in the Court's analyses of the issues, *infra*, rather than in this section.

3

In his memorandum of law in support of the motion for a temporary restraining order or preliminary injunction, Laboy alleges that, following the allegedly false disciplinary charges against him, he "pursued this incident" and that Defendants then "initiated a vicious harassment and retaliation campaign against Plaintiff for his involvement in constitutionally protected activity and in particular for filing this law suit and voicing [his] concerns of wrongful conduct and civil rights violations to the prison administration." (ECF No. 5, Mem. of Law in Supp., at ECF pp. 5–6.) Specifically, he contends that in May 2018, as retaliation for commencing this lawsuit, Laboy was transferred to a different housing unit and removed from his work assignment as a Social Worker Assistant. (*Id.*) Accordingly, he seeks an order "enjoining the said defendants, their successors in office, agents and employees and all other persons acting in concern [sic] and participation with them, to move [him] to housing unit 2-A and reinstate him to his job assignment as Social Worker Assistant." (ECF No. 5, Proposed Order, at ECF p. 10.)

A temporary restraining order or preliminary injunction grants "intermediate relief of the same character as that which may be granted finally." *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). As indicated by the test for granting a preliminary injunction, "there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Ball v. Famiglio*, 396 F. App'x 836, 837–38 (3d Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Furthermore, a preliminary injunction may bind only the parties, their agents, or other persons acting in concert with them. *See* Fed. R. Civ. P. 65(d)(2)(A)–(C). The Court of Appeals for the Third Circuit has noted that a request for injunctive relief is "legally deficient" when it is "targeted at potential conduct that bears no relation to his underlying claim." *Martin v. Keitel*, 205 F. App'x 925, 928–29 (3d Cir. 2006); *see also Ball*, 396 F. App'x at 837–38.

4

Here, Laboy's motion for a temporary restraining order or preliminary injunction concerns events entirely distinct from the allegations underlying the complaint and seeks completely different relief. Indeed, the events that Laboy alleges require preliminary relief did not occur until after Laboy had filed his Complaint. Thus, there is only the most tangential relationship between the injury claimed in the motion for preliminary relief and the conduct alleged in the complaint. Furthermore, the Court notes that the motion for preliminary relief does not specifically identify who took the allegedly retaliatory actions and who should now be enjoined, instead alleging simply that Laboy was "retaliated against by prison officials."[3] (*See* ECF No. 5 at ECF p. 5.) Accordingly, Laboy's motion for a temporary restraining order or preliminary injunction is denied.

**B. Standard for Review on Motion to Dismiss Under Rule 12(b)(1) and (6)**

Federal Rule of Civil Procedure 12(b)(1) permits the Court to dismiss a proceeding for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). When a motion to dismiss for lack of subject-matter jurisdiction does not attack any of the complaint's factual allegations, it is considered a facial challenge, and the Court will "'only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Shibles v. Bank of Am., N.A.*, 730 F. App'x 103, 105 (3d Cir. 2018) (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)); *see also Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016); *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).

---

[3] Furthermore, the Court observes that, even if Laboy had sought preliminary relief related to his claims, this Opinion's partial dismissal and remand of the Complaint would foreclose a showing that Laboy is likely to succeed on the merits of his claims. *See Maldonado,* 157 F.3d at 184.

In resolving a motion to dismiss for failure to state a claim, under Rule 12(b)(6), "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017), *cert. denied* 138 S. Ct. 2623 (2018); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In addition to the allegations of the complaint, a court may consider matters of public record, documents specifically referenced in or attached to the complaint, and documents integral to the allegations raised in the complaint. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 255 n.5 (3d Cir. 2004).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### C. 42 U.S.C. § 1983

As a general matter, a plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### D. Claims Against Defendants in Their Official Capacities

As explained above, § 1983 permits actions against a "person." 42 U.S.C. § 1983. "[A] state is not a 'person' within the meaning of § 1983 . . . ." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989). Similarly, as a claim against a state official in his or her official capacity is essentially a claim against the state, § 1983 claims are not permitted against state officials in their official capacities, except to the extent that such claims seek prospective injunctive relief. (*Id.* at 71 & n.10.)

Defendants argue that, to the extent Laboy asserts damages claims against them in their official capacities, such must be dismissed. (Br. in Supp., ECF No. 12-1, at 7–9.) Laboy makes

no argument in opposition to this point. (*See* ECF No. 26.) As Defendants in their official capacities are not persons for the purposes of § 1983, the claims against them in their official capacities are dismissed with prejudice, except to the extent that Laboy seeks prospective injunctive relief. *See Will*, 491 U.S. at 71 & n.10.

**E. Due-Process Claims**

The only constitutional provision explicitly invoked by Laboy's Complaint is the Cruel and Unusual Punishment Clause of the Eighth Amendment. (*See* ECF No. 1-1 at p. 5.) His factual allegations, however, imply a theory that Defendants' conduct deprived Laboy of constitutionally mandated due process. Accordingly, the Court first examines the claims in that light.

*1. Alleged False Disciplinary Reports*

Defendants argue that Laboy's allegation that they filed false disciplinary reports against him, even if true, would not give rise to a § 1983 claim. (ECF No. 12-1 at 9–11.) They emphasize that Laboy not only received a hearing and an opportunity to rebut the disciplinary report, but that he was ultimately found not guilty. (*Id.*) Laboy's opposition does not directly address this argument.

In *Smith v. Mensinger*, 293 F.3d 641 (3d Cir. 2002), the Court of Appeals for the Third Circuit affirmed the dismissal of a similar claim. The plaintiff, Smith, alleged that, as retaliation for "his conduct" and to "cover up a beating," a corrections officer had issued false misconduct reports which resulted in Smith being sentenced to seven months of "disciplinary time." *Id.* at 652. The Third Circuit's opinion examined the holding of the Supreme Court in *Sandin v. Conner*, 515 U.S. 472 (1995), in which it held that punitive confinement of a prisoner, taken alone, generally does not implicate a liberty interest for the purpose of a due-process claim.

*Smith*, 293 F.3d at 652–53 (discussing *Sandin*). The Third Circuit noted that prison disciplinary charges may form the basis for a claim of *retaliation* for a prisoner's exercise of a constitutional right, but found that Smith had not alleged that the charges against him were related to his exercise of a constitutional right. *Smith*, 293 F.3d at 653–54 & n.10.

The *Smith* Court further approved the district court's reliance on the opinion of the Second Circuit in *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986), where it held that no due-process claim arises from false disciplinary charges or evidence so long as the prisoner has an opportunity to be heard and defend against such charges. *Smith*, 293 F.3d at 653–54 (discussing *Freeman*). The Third Circuit thus approved the dismissal of Smith's constitutional claim as he "c[ould] not establish that the defendants' conduct denied him substantive due process by infringing upon a liberty interest" and that "he was afforded a hearing and therefore had the opportunity to confront and challenge the allegedly perjured testimony offered in support of the misconduct reports." *Smith*, 293 F.3d at 654. The Third Circuit has frequently reaffirmed the holding in *Smith* in recent opinions. *See, e.g.*, *Cooper v. Pa. Dep't of Corr.*, ___ F. App'x ___, 2018 WL 6132311, at *4 (3d Cir. Nov. 21, 2018) (affirming summary judgment to defendants where plaintiff alleged due-process violations in misconduct proceedings, because due process was satisfied by plaintiff's opportunity to challenge the reports); *Gannaway v. Primecare Med., Inc.*, 652 F. App'x 91, 95 (3d Cir. 2016) (affirming summary judgment to defendants where plaintiff alleged false misconduct charges and improper confiscation of property, because plaintiff "had access to the prison grievance process, an adequate post-deprivation remedy to protect his due process rights), *cert. denied* 138 S. Ct. 162 (2017); *Banks v. Rozum*, 639 F. App'x 778, 781–82 (3d Cir. 2016) (same).

Pursuant to *Smith* and its progeny, Laboy's claim concerning the allegedly false disciplinary reports that Defendants issued against him is dismissed. Even had Laboy been subject to a period of punitive detention, this would not implicate a liberty interest. *Smith*, 293 F.3d at 652–53. Crucially, it is apparent that Laboy had an adequate opportunity to confront the charges, as the Complaint notes that a "Hearing Officer determined that Plaintiff Laboy was not guilty." (*See* ECF No. 1-1 ¶¶ 9–11.)

Although Laboy asserts in his opposition brief that Defendants sought to retaliate against him, there is nothing in his Complaint that could be even liberally construed as an allegation that the disciplinary report was intended as retaliation for Laboy's exercise of some constitutional right. (*See* ECF No. 1-1.) Indeed, the Complaint makes no mention of any events occurring before the issuance of the disciplinary report, instead simply alleging that Defendants "conspired to subject Plaintiff Laboy to harm and injury." (*See id.*) Therefore, the allegations of retaliation in Laboy's brief will not be considered, as "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."[4] *Pennsylvania ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988) (internal quotation marks and brackets omitted). Accordingly, Laboy's claims related to the allegedly false disciplinary reports are dismissed.

2. *Alleged Deprivation of Property*

Laboy's claims for the alleged improper taking of his property must similarly fail. Defendants argue that, as post-deprivation remedies were available for the taking of his property under the New Jersey Tort Claims Act, a due-process claim on this basis must fail. (ECF No.

---

[4] The Court notes that Laboy's brief in opposition also alludes to alleged violations of the Equal Protection Clause. Even a liberal reading of the Complaint, however, reveals no allegations that even hint at an equal-protection claim.

12-1 at 11–13.) Laboy, again, does not specifically respond to this argument in his briefing. (*See* ECF No. 26.)

Due process of law is, of course, required when a state actor deprives a person of his or her property. *See Brown v. Muhlenberg Twp.*, 269 F.3d 205, 213 (3d Cir. 2001). But the Supreme Court of the United States held, in *Hudson v. Palmer*, 468 U.S. 517 (1984) (hereinafter, *Palmer*), that intentional deprivation of an inmate's property by way of a state employee's random or unauthorized conduct does not give rise to a § 1983 procedural-due-process claim so long as the State provides an adequate post-deprivation remedy.[5] *Id.* at 530–33; *see also Zinermon v. Burch*, 494 U.S. 113, 115, 127–30 (1990); *Brown*, 269 F.3d at 213–14. Both internal prison grievance systems and mechanisms for bringing tort claims against state actors are treated as adequate post-deprivation remedies. *See Palmer*, 468 U.S. at 535; *Whitehead v. Wetzel*, 720 F. App'x 657, 661–62 (3d Cir. 2017); *Ragland v. Comm'r N.J. Dep't of Corr.*, 717 F. App'x 175, 177–78 (3d Cir. 2017); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000). Indeed, the Third Circuit and courts in this District have specifically found that the remedies available to prisoners under the New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1-1 *et seq.*, and the codified New Jersey Department of Corrections grievance system, N.J. Admin. Code §§ 10A:1-4.1 *et seq.*, constitute adequate post-deprivation remedies, and thus bar due-process claims concerning the unauthorized seizure of a prisoner's property by state actors. *See Ragland*, 717 F. App'x at 177–78; *Small v. Warren*, 557 F. App'x 104, 105 (3d Cir. 2014); *Asquith v. Volunteers of Am.*, 1 F. Supp. 2d 405, 419 (D.N.J. 1998), *aff'd sub nom. Asquith v.*

---

[5] Though seemingly not at issue in this case, the *Palmer* Court also held that prisoners have no reasonable expectation of privacy in their cells that would permit them to invoke the protections of the Fourth Amendment against unreasonable searches. *See Palmer*, 468 U.S. at 525–30.

*Dep't of Corr.*, 186 F.3d 407 (1999); *James v. Price*, 602 F. Supp. 843, 847–48 (D.N.J. 1985). Accordingly, as adequate post-deprivation remedies—in the form of prison grievance procedures and the Tort Claims Act—were available to Laboy, his due-process claim based on Defendants' alleged taking of his property is dismissed.

    *3. Dismissal with Prejudice*

While District Courts generally should permit curative amendments, a complaint may be dismissed with prejudice if permitting further amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002); *see also Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). Laboy's due-process claims are dismissed herein not because he insufficiently pleaded necessary factual allegations, but because relief under the Due Process Clause is legally unavailable to him under controlling precedent. Any attempt by Laboy to amend his due-process claim concerning false disciplinary reports would be futile because such a claim does not invoke a recognized liberty interest and because Laboy admits that he received an opportunity to rebut the charge. *Smith*, 293 F.3d at 652–54. Similarly, an amended due-process claim regarding the alleged deprivation of property would fail, because it is well established that adequate post-deprivation remedies were available. *See Palmer*, 468 U.S. at 535. Accordingly, leave to amend would be futile, and Laboy's due-process claims are dismissed with prejudice. *See Grayson*, 293 F.3d at 110.

    **F. Cruel-and-Unusual-Punishment Claims**

As noted above, the Complaint explicitly invokes the Cruel and Unusual Punishment Clause of the Eighth Amendment. (*See* ECF No. 1-1 at p. 5.) Defendants argue that Laboy has failed to allege facts demonstrating that he was subjected to conditions that could be considered

cruel and unusual. (ECF No. 12-1 at 13–14.) In opposition, Laboy contends that the Cruel and Unusual Punishment clause "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency," and that the facts here clearly show a violation. (ECF No. 26 at 10.)

A claim under the Cruel and Unusual Punishment Clause includes both a subjective and an objective component: (1) that the defendant prison official acted with a culpable state of mind and (2) that the conduct in question was sufficiently harmful to become a constitutional violation. *See Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018). Claims under the Cruel and Unusual Punishment Clause may be divided into claims alleging excessive force and claims concerning the conditions of confinement. *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) (hereinafter, *Hudson*). The Eighth Amendment requires prison officials to "provide humane conditions of confinement," but it "'does not mandate comfortable prisons.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is a part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson*, 503 U.S. at 9 (internal quotation marks and citations omitted).

While the filing of false disciplinary charges and the unauthorized deprivation of an inmate's personal property unquestionably represents conduct that should be denounced, neither rises to the level of extremity required for a claim under the Cruel and Unusual Punishment Clause. The Complaint includes no allegation suggesting that Laboy was stripped of "the minimal civilized measure of life's necessities." *See Hudson*, 503 U.S. at 9. The Third Circuit

13

has similarly rejected claims that the filing of an allegedly false disciplinary report or the deprivation of an inmate's personal property amounted to cruel and unusual punishment. *See Walker v. Mathis*, 665 F. App'x 140, 143 (3d Cir. 2016) (rejecting Eighth Amendment claim regarding allegedly false disciplinary report); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (rejecting Eighth Amendment claim regarding taking of property); *see also Banks*, 639 F. App'x at 781–83 (rejecting Eighth Amendment claim and also holding that the plaintiff "failed to state any constitutional claim concerning . . . any property that was allegedly confiscated or damaged"); *Bond v. Horne*, 553 F. App'x 219, 224–25 (3d Cir. 2014) (finding plaintiff failed to state Eighth Amendment claim regarding misconduct report "as he did not allege any danger to or interference with his health, safety, or basic needs"). Accordingly, Laboy's claims under the Cruel and Unusual Punishment Clause are dismissed.

For the same reasons discussed in reference to Laboy's due-process claims, it is apparent that any attempt by Laboy to amend his claims as to the allegedly false disciplinary report or the deprivation of property would be futile. Quite simply, such allegations do not rise the level of extreme deprivation needed to plead a cruel-and-unusual-punishment claim. *See Walker*, 665 F. App'x at 143; *Shakur*, 421 F. App'x at 135. Consequently, these claims are also dismissed with prejudice.

### G. Constitutional Conspiracy Claim

Laboy's Complaint also characterizes Defendants has having conspired against him. (*See* ECF No. 1-1 ¶¶ 4, 8, 19.) To state a claim for conspiracy under § 1983, a plaintiff must allege that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999), *superseded in part by statute on other grounds as recognized by P.P. ex rel. Michael P. v. W.*

14

*Chester Area Sch. Dist.*, 585 F.3d 727, 730 (3d Cir. 2009). A threshold question on a § 1983 conspiracy claim, however, is whether the plaintiff has actually been deprived of a right. *Perano v. Twp. of Tilden*, 423 F. App'x 234, 239 (3d Cir. 2011). For the reasons discussed in this opinion, Laboy has failed to allege facts that could support a finding that his federal rights were violated. Accordingly, his claim of conspiracy under § 1983 is dismissed.

### H. Claims Under State Law

The remainder of Laboy's Complaint asserts claims sounding under New Jersey tort law. (*See* ECF No. 1-1.) Defendants argue that the Court lacks jurisdiction to hear these claims because Laboy failed to allege in his Complaint that he filed a timely notice of claim under the New Jersey Tort Claims Act. (*See* ECF No. 12-1 at 14–16.) The Court agrees that it lacks jurisdiction to hear these claims, but on a different basis.

While federal courts do not generally have jurisdiction to hear claims under state law, they may exercise supplemental jurisdiction over such claims if they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367; *see also De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003). Under 28 U.S.C. § 1367, the Court may decline to exercise supplemental jurisdiction after it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Thus, "'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); *see also Sarpolis v. Tereshko*, 625 F. App'x 594, 599 (3d Cir. 2016).

15

Here, the Court has dismissed all claims over which it had original jurisdiction. The Court is presented with no affirmative reason of economy, convenience, or fairness to justify an exercise of supplemental jurisdiction over the remaining state-law claims, and the Court declines to do so. Accordingly, Defendants' motion as to these claims is denied without prejudice.

Furthermore, as this action was initially removed from the New Jersey Superior Court on the basis of federal constitutional claims that are dismissed herein, the action is now remanded to the state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be in appropriate."); *Norton v. Stop & Shop Store # 830*, Civ. A. No. 16-9385 (FLW), 2017 WL 3610492, at *14 (D.N.J. Aug. 22, 2017); *Monk v. New Jersey*, Civ. No. 14-1399 (RBK), 2014 WL 4931309, at *3 (D.N.J. Oct. 2, 2014).

## IV. CONCLUSION

For the foregoing reasons, Laboy's motion for a temporary restraining order or preliminary injunction, (ECF No. 5), is DENIED. Defendants' motion to dismiss the Complaint in this action, (ECF No. 12), is GRANTED IN PART, insofar as all claims for violation of Laboy's federal constitutional rights under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE, and DENIED IN PART, insofar as the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. The remainder of the action is remanded to the Superior Court of New Jersey, Law Division, Mercer County. An appropriate order follows.

DATED: December 17, 2018                     /s/ Freda L. Wolfson
                                             FREDA L. WOLFSON
                                             United States District Judge